IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON J. McDONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-447-WKW |
| | ) |
| LAMAR GLOVER, et al., | ) "DEMAND FOR JURY TRIAL" |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

Come now defendants, **Sheriff Lamar Glover, Commander Will McCarty and Lieutenant Kristen Rocco**, in the above-styled cause and for Answer to plaintiff's Complaint, state as follows:

1. As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional rights of plaintiff have been violated and demand strict proof thereof.

4. As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's

constitutional rights have been violated at any time.

5. As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavit of Lieutenant Kristen Rocco** attached hereto as Exhibit "1" which is incorporated herein by reference as if fully set forth.

6. As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Plaintiff is not entitled to any award of punitive damages should this complaint be construed to request them.

### FOURTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## FIFTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

## SIXTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendants as they are unsupported by fact or law.

## SEVENTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## EIGHTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## NINTH DEFENSE

Should the plaintiff's complaint be construed to state claims under Alabama law, all state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## TENTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

## ELEVENTH DEFENSE

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

## TWELFTH DEFENSE

Should plaintiff's Complaint be construed or amended to seek damages, defendants assert the defense of qualified immunity. Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

## THIRTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

## FOURTEENTH DEFENSE

Alabama law provides sufficient procedural due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

## FIFTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, §14.

## SIXTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## EIGHTEENTH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

## NINETEENTH DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*. Specifically, plaintiff has filed this lawsuit against the Houston County Commission without first presenting his claim to the county commission as required by *Ala. Code § 6-5-20;* plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60;* and plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail

by virtue of the grievances procedures provided to the inmates therein.

## TWENTIETH DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

## TWENTY-FIRST DEFENSE

That the plaintiff does not plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> *No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

## TWENTY-SECOND DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## TWENTY-THIRD DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

## TWENTY-FOURTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C.*

*§1997e(c).*

## TWENTY-FIFTH DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiff.

## TWENTY-SIXTH DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27.*

## TWENTY-SEVENTH DEFENSE

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff.

## TWENTY-EIGHTH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

## TWENTY-NINTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory.

## THIRTIETH DEFENSE

There was no policy or custom of Sheriff Lamar Glover that was executed by any employee of the Houston County Sheriff that caused any injury to the plaintiff.

## THIRTY-FIRST DEFENSE

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

## JURY DEMAND

DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE AS PROVIDED BY LAW.

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon Jason J. McDonnell, #56297, c/o The Houston County Jail, 901 East Main Street, Dothan, Alabama 36301, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 30th day of June, 2006.

<u>s/Gary C. Sherrer</u>
OF COUNSEL