In The District Court of The United States
For the Middle District of Alabama
Southern Division
2006 JUL 25 A 9 28

Jason J. McDonnell
        Plaintiff,

V.

Lamar Glover, et al.,
        Defendants.

X
X
X  Civil action number
X  1:06-CV-447-WKW
X
X

Plaintiff's Response to Defendant's
Special Report and Answer

Comes now the Plaintiff, Jason J. McDonnell, in the above
styled cause and for response to defendant's Special Report & answer
States as follows:

1. As to paragraph 1 of defendant's answer, Plaintiff asserts
That the defendants did and do have personal Knowledge and
information Sufficient to form a belief as to the truth of the
averments.

2. As to paragraph 2 of the defendant's answer, Plaintiff
asserts that the defendants did and do have Personal Knowledge
and information Sufficient to form a belief as to the truth of
the averments.

3. As to paragraph 3 of the Plaintiffs response to the
defendant's answer, Plaintiff asserts that his constitutional
rights have been violated and has strict Proof thereof.
Under the eighth amendment, Jail officials Must
Provide humane conditions of confinement by ensuring

(1)

Inmates recieve the basic necessities and by taking the reasonable measures to guarantee the inmates safty & wellbeing, defendants acted with deliberate indifference to Plaintiffs and all other inmates clearly established rights, knowing of the substantial risk of danger, subjecting Plaintiff, all other inmates, and the defendants to risk of serious injury.

4. As to paragraph 4 of the defendants answer, Plaintiff asserts that his constitutional rights have been violated due to the Moral turpitude and criminal acts of the defendants. Plaintiff asserts that through investigation and the litigation of this case the court will find clear and convincing evidence that can substantiate all allegations of fraud, conspiracy, and the violation of rights. Plaintiff asserts that all defendants violated clearly established laws, rights, and duties to the Plaintiff and to all other inmates when they participated and conspired to allow a loaded handgun to make its way back to population and into the possesion of an inmate. Defendants then all took part in the cover-up of the violations and the conspiracy. The defendants then failed to insure inmate safty and well-being by not shaking down or searching each and every mattress in the Jail to make 100% sure that there were no other loaded fierarms back in population or in the Jail. Plaintiff asserts that the only reason the defendants failed to make sure that there were no other fierarms or other weapons back in population

or in the Jail is because the defendants already knew and were 100% sure that there was no need to search or shake down for another weapon because defendants all conspired to place the weapon in the Jail to begin with.

5. As to paragraph 5 of the defendant's answer, the Plaintiff asserts the elements of intentional infliction of emotional distress, defendants acted intentionally and recklessly, conduct was extream and outrageous, actions of the defendants were extreamly unlawfull, defendants actions caused the plaintiff severe emotional distress, conduct was so outrageous and character so extream in degree as to go beyond all possible bounds of decexcy, defendants actions are atrocious and utterly intolerable in civilized community.

6. As to paragraph 6 of the defendant's answer, Plaintiff asserts that his rights have been violated and that the law has been broken, defendants knowingly, willingly, and recklessly caused deprivation by actions and inactions, with conscious disregard of known dangers, and reckless disregard for all known risks of harm to not only All inmates and the Plaintiff, but also themselves, by first, allowing and conspiering to let a loaded firearm make its way back to population and into the possesion of an inmate. Secondly, by not taking any action to make sure that there were no other weapons in the Jail. Plaintiff asserts that the actions and inactions of the defendants has stigmatized the Plaintiff and has inflicted unnecessary wonton pain

And Suffering, uncomfort, anxiety, concern, extrem stress, Substantial hardship, and extreamly oppressive pre-trial incar-ceration. This violation and total reckless disregard has Caused the Plaintiff to languish in Jail for months under extream mental and emotional distress due to fear for his safty, well being, and his life, Entitling the Plaintiff to Damages and relief under § 1983.

### Plaintiff's Response to defendants Affirmative and additional defenses

#### Response to first defense

Plaintiff asserts that he has satisfied the two required com-Ponents, Objective and Subjective, to support his 8th amendmet Claim. Perkins V. Kansas Dept. of Corrections 165 F.3d 806. Sanders V. Sheahan 198 F.3d 626. Plaintiff has alleged and will Prove sufficent facts to establish deliberate indifference and sufficently serious deprivation on part of the defendants, which have caused Substantial harm to the Plaintiff. See "Craig", 164 F.3d at 495. 496 (10th Cir. 1998)

#### Response to Second defense

Plaintiff asserts that his complaint is nonfrivolus, and that there is a bonafide existing controversy and genuine issue of material fact of Justicable character, Plaintiff asserts that the violations commited by the defendants and the facts that the plaintiff will be able to Prove to the reasonable satisfaction of the trier of facts are sufficent enough to entitle him to relief under § 6-6-680 and under § 1983. Smith V. Potts 293 Ala. 419, 304 So 2d 578 (1974)

④

## Response to Third defense

Focus, in determining Propriety of Punitive damages in §1983 action is on intent of defendant, and whether defendant's conduct is of sort that calls for deterrence and Punishment over and above that provided by copensatory awards. Coleman V. Rahija, C.A. 8 (Iowa) 1997, 114 F. 3d 778.

Under Federal law, Punitive damages are available in §1983 action if defendants acted with reckless and callous disregard for Plaintiff's rights, or intentional Violation of Federal laws. Comfort V. Town of Pittsfield D. Me. 1996 924 F. Supp. 1291

## Response to Fourth defense

"It is the Courts duty to grant the relief to which the Plaintiff is entitled, whether demanded or not" Gins V. Mauser Plumbing Supply Co., 148 F. 2d 974 (2d cir. 1945)

The Plaintiff is entitled to damages & relief by law under §1983. Plaintiff asserts at this time that he request any and all damages, reward, and relief that he is entitled to.

## Response to Fifth defense

Plaintiff asserts that there is a direct causal relation between the acts of the defendants and the injury & damages suffered by the Plaintiff. Evidence will show that actions & inactions of the defendants were unjust, Illegal, and violated the rights of the Plaintiff, this serious case of Reckless endangerment and deprivation caused the Plaintiff substantial harm by inflicting unnecessary wonton pain & suffering, causing the Plaintiff to fear for his Safety and his life, and caused extreamly oppressive Pre-trial incarceration without Penological Justification.

## Response to Sixth defense

Plaintiff asserts that defendants knowingly & willingly violated the law, defendants acted in subjective good faith in reckless total disregard of Plaintiff's clearly established constitutional rights.

## Response to Seventh defense

Actions may be maintained against individuals in their individual capacities under § 1983, So long as challenged actions were performed by individuals within the scope of their official duties. Eddy V. Virgin Islands Water & Power Authority, D. Virgin Islands 1997, 955 F. Supp. 468.

Court possesses original jurisdiction over § 1983 claims against State officials in their individual capacities; Official Sued in his individual capacity is not cloaked in States 11th amendment protection and can be liable "Person" under § 1983. Flores V. long D.N.M. 1995 926 F. Supp. 166.

State immunities and defenses are irrelevant in litigation under § 1983. Payton V. City of Detroit, Mich, App. 1995 536 N.W. 2d 233.

## Response to Eighth defense

No justification can be shown under general denial. Thornton V. Dwight mfg. Co., 120 Ala. 653, 25 SC. 22 (1899) Birmingham water-works co. V. Vinter 164 Ala. 490, 51 SC. 356 (1910)

Plaintiff has demonstrated that he was and is incarcerated under conditions posing substantial risk of serious harm, And has demonstrated that defendants possessed sufficient culpable intent to allow deprivation to take place, and were and are of Sufficient State of mind to be deliberately indifferent to inmate's health, safty, and well being. Walls V. Baldwin, C.A.4 (Or) 1995 70 F.3d 1074 Hayes V. New York city Dept. of corrections, C.A.2 (N.y) 1996 84 F.3d 614.

(6)

Defentants, Knowingly failed to remedy the wrong Knowing of the violation and can not escape liability by denying Personal involvemet. Wright V. Smith, C.A.z (N.Y.) 1994, 21 F.3d 496.

### Response to Ninth defense

Plaintiff asserts that his claim is for a violation of federal rights, Plaintiffs action is not against the "State", therefor defendants are not Immune. State immunities & defenses are Irrelevant in litigation under §1983, Payton V. City of Detroit, Mich, App. 1995 536 N.W. 2d 233,

Court posseses original Jurisdiction over §1983 claims against State officials in their official capacities; official sued in his individual capacity is not Cloaked in States 11th Amendment Protection and can be a liable "person" under §1983. Flores v. long D.N.M. 1995 926 F. Supp. 166.

Purpose of §1983 action is to deter State actors from using the badge of their authority to deprive individuals of their federally guaranteed rights. Reuben H. Donnelley corp. V. Brauer, Ill. App. 1 Dist. 1995, 655 N.E. 2d 1162, 211 Ill. Dec. 779.

Purpose of §1983 is to provide a remedy to parties deprived of constitutional rights by a State official's abuse of his position while acting under color of State law. Hains V. Fisher, C.A. 10 (wyo.) 1996, 82 F. 3d 1503.

### Response to tenth defense

The Plaintiff's response to the tenth defense is the same as the Ninth.

### Response to eleventh defense

The Plaintiff's response to the eleventh defense is the same as his response to the ninth and tenth defenses.

(7)

## Response to Twelfth defense

Official inflicting sufficiently grave conditions of confinment, acts with a sufficiently culpable state of mind is not entitled to Qualified Immunity from liability on an eighth amendmet claim If he does so with deliberate indifference. Rodgers V. Jabe, C.A.6 (Mich.) 1995, 43 F.3d 1082.

Substantive immunity is not a Jurisdictional bar to a Suit against a state employee or official in his or her individual capacity. State Bd. of Ajustments V. State Dept. of Mental Health, 581 So. 2d 481 (Ala. civ. App. 1991)

State law that immunizes conduct otherwise subject to suit under § 1983 is Preempted by the Supremacy clause of the federal constitution. Silva V. University of New Hampshire D.N.H. 1994, 888 F. Supp. 293.

Absolute immunity granted by the Alabama Constitution to state officials in their official capacities did not provide them absolute immunity from suit brought by Plaintiff under § 1983 for deprivation of federaly guaranteed rights. Williams V. Alabama State University, M.D. Ala. 1994, 865 F. Supp. 789.

## Response to thirteenth defense

State immunities and defenses are irrelevent in litigation under § 1983. Payton V. City of Detroit, Mich, App. 1995 536 N.W. 2d 233.

## Response to fourteenth defense

Section 1983 was enacted to override certain Kinds of state laws, to provide remedy where state remedy, though adequate in theory, was not available, and to provide remedy in federal court supplementary to any state remedy. Davis V. Hudgins E.D. VA. 1995 896 F. Supp. 561

Section 1983 action Provides supplement to any state remedy for purported Violation of civil rights, and there is no general requirement that state Judicial or administrative remedies be exhausted in order to commence § 1983 action. State ex rel. Carter V. Schotter, Ohio 1994, 637 N.E. 2d 306, 70 Ohio St. 3d 89.

⑧

## Response to Fifteenth defense

State officials do not enjoy immunity from suit under Section §14 when the action is brought to compel State officials to perform their legal duties. Aland V. Grahm, 287 Ala. 226 250 So.2d 677 (1971) Taylor V. Troy St. University, 437 So 2d 472 Ala (1983) Parker V. Amerson, 519 So 2d 442 (Ala 1987) Ross V. Alabama 893 F. Supp. 1545 (M.D. Ala 1995)

A State officer or employee is not protected under Art 1, §14 of the constitution if he acts willfully, maliciously, Illegally, fraudulently, In bad faith, or under a mistaken interpretation of the law. Phillips V. Thomas, 555 SC. 2d 81 (Ala 1998) Bonner V. Henson, 693 So. 2d 484 (Ala. civ. App. 1997).

## Response to Sixteenth defense

Plaintiff asserts that the allegations within the complaint and the facts as will be developed are extreamly sufficient to invoke Jurisdiction of this court.

## Response to Seventeenth defense

Plaintiff's complaint and response clearly allege Violations of rights Secured by The United States Constitution.

## Response to eighteenth defense

Absolute immunity granted by the Alabama Constitution to State officials in their official capacities did not provide them absolute Immunity from suit brought by plaintiff under §1983 for deprivation of federaly guaranteed rights. Williams V. AL. St. univ. M.D. Ala. 1994 865 F. Supp. 789.

## Response to Nineteenth defense

Section 1983 action provides Supplement to any State remedy for Purported Violation of civil rights, and there is no general requirement that the State Judicial or administrative remedies be exhausted in order to commence §1983 action. State ex rel. Carter V. Schotten, ohio 1994, 637 N.E. 2d 306, 70 ohio St. 3d 89.

## Response to twentieth defense

All that is required of a bill of complaint to withstand dismissal is an averment of facts sufficient to raise a bonafide Justiciable controversy between the parties which should be settled. Hartford Accident & Indem co. V. Oglesby, 293 Ala. 620, 308 So. 2d 695 (1975).

Failure to state claim can not be granted for a defense once. Plaintiff can prove set of fact in support of their claim which would entitle them to relief. Smith V. Potts 293 Ala. 419, 304 So. 2d 578 (1974).

Plaintiff asserts that the defendants acted in "bad faith" and with "willfulness" denying defendants immunity. Ex parte. Davis, 721 So. 2d 685 (Ala. 1998)

Officials Personal involvement in alleged deprivations of inmates constitutional rights, as a prerequisite to award of monetary damages in § 1983 action, May occur in one of the following ways: ① direct Participation in infraction; ② failure by supervisory official to remedy wrong after learning of violation; ③ creation by supervisory official of policy or custom under which unconstitutional practices occurred, or allowance of such policy or custom to continue; ④ gross negligence by supervisory official in managing subordinates who caused unlawful condition or event; ⑤ and gross negligence and deliberate indifference to constitutional rights of prisoners by failing to act on the unconstitutional practices that were taking place. Roucchio V. Coughlin, E.D.N.Y. 1996 923 F. Supp. 360.

## Response to twenty-first defense

Plaintiff asserts that the actions & inactions of defendants has stigmatized & tramatized the Plaintiff and has inflicted unnecessary wonton pain & suffering, uncomfort, anxiety & concern, extream stress, substantial hardship, and extreamly oppressive pre-trial incarceration.

⑩

This violation and total reckless disregard has caused the Plaintiff to languish in Jail for months under extream mental and emotional distress due to fear for his safty, well-being, and his life, entitling Plaintiff to damages and relief under § 1983. Mental and emotional distress, which include mental suffering and emotional anguish, constitute compensable injury under § 1983. Colman V. Rahija, C.A.8 (Iowa) 1997 114 F.3d 778.

For Plaintiff to recover for non physical injury under § 1983, there is no requirment that defendant's conduct be outrageous or that Plaintiff's Injury be extream. Chatman V. Slagle, C.A.6 (Ohio) 1997 107 F.3d 380. Physical injury will be determind by the Court and guided by established eighth amendment Standards. Injury need not be Significant. Siglar V. Hightower, C.A.5 (Tex.) 1997, 112 F.3d 191.

Response to twenty-Second defense

Plaintiff asserts that he filed in forma Paupers as he was ordered by the court.

Response to twenty-third defense

Plaintiff asserts that at this time he has No Knowledge or information sufficient to form a belief as to truth of this twenty-third defense.

Response to twenty-fourth defense

Plaintiffs Response to twenty-fourth defense is the same as his response to the twentieth defense of the defendants.

Response to twenty-fifth defense

No Justification can be Shewn under general denial. Thornton V. Dwight Mfg. Co. 120 Ala. 653, 25 So. 22 (1899)

Defendants, Knowing of the violation, failed to remedy the wrong and cannot escape liability by denial. Wright V. Smith C.A.2 (N.Y.) 1994 21 F.3d 496.

(11)

## Response to twenty-sixth defense

Under federal law, Punitive damages are available in § 1983 action. If defendants acted with reckless and callous disregard for Plaintiff's rights, or intentional Violation of federal law. Comfort V. town of Pittsfield, D.me. 1996, 924 F. Supp. 1291.

## Response to twenty-seventh defense

State immunities and defenses are irrelevant in litigation under § 1983. Payton V. City of Detroit, Mich. App. 1995 536 N.W. 2d 233.
Officials sued in his individual capacity is not cloaked in States 11th amendment protection and can be a liable "person" under § 1983. Flores V. long D.N.M. 1995 926 F. Supp. 166.

## Response to twenty-eighth defense

Focus, in determining Propriety of Punitive damages in § 1983 action is on intent of defendant, and whether defendant's conduct is of Sort that calls for deterrence and punishment over & above that Provided by copensatory awards. Coleman V. Rahija, C.A. 8 (Iowa) 1997, 114 F. 3d 778. Punitive damages are awarded for willful and malicious conduct, and to deter others from similar behavior.

## Response to twenty-ninth defense

Supervisory officials are liable for Constitutional Violations under § 1983 if they directly participated in Violation, failed to remedy Violation, allowed Violation to continue, and was grossly negligent in supervising subordinates. Sealey V. Giltner, C.A. 2 (N.Y) 1997, 116 F. 3d 47. Hayes V. Sweeney, W.D. N.Y. 1997, 961 F. Supp. 467
Sheriff was of culpable state of mind, had actual knowledge of impending harm, acted with reckless deliberate indifference. with the type of conduct that would offend evolving standards of decency in civilized society. Mendez Marrero V. Toledo, D. Puerto Rico 1997, 968 F. Supp. 27

## Response to Thirtieth defense

Plaintiff asserts that the actions & inactions of defendants did in fact violate his clearly established guaranteed rights, causing Damage and injury to the Plaintiff, entitling him to relief.

## Response to thirty-first defense

Plaintiff asserts that his complaint is not frivolous and is not filed to harass or intimidate defendants. Defendants did in fact break the law and violate clearly established rights of the Plaintiff, entitling Plaintiff to damages & relief under § 1983.

Respectfully Submitted,

*Jason McDonnell*

Jason McDonnell
#56297 D-Pod
901 E. Main St.
Dothan, AL 36301

7/23/06

My Commission Expires 8-7-2007

*J. E. M.*

<u>Certificate of Service</u>

I, Jason J. McDonnell, do hereby certify that I have
served a copy of the foregoing upon Gary Sherrer, 335 W.
Main St. Dothan, Alabama 36301, by placing a copy
of the same in the United States Mail, Postage Paid and
properly addressed on this 21st day of July, 2006.

<u>Jason J. McDonnell</u>
Jason McDonnell
Plaintiff